**FILED**

**JUL 19 2017**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Kelvin Andre Spotts,

    Plaintiff,

v.                                  Civil Action No. 17-0924 (UNA)

Attorney General Jeff Sessions *et al.*,

    Defendants.

## MEMORANDUM OPINION

Petitioner, a federal prisoner appearing *pro se*, has submitted an action for a writ of mandamus and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

According to petitioner, this "cause arises out of the S.D.W.A. United States Attorney's office refusal to provide 'REMEDIAL MEASURES' and/or 'RESOLUTION' to defendant(s) that already had their cases finalized when the investigation against Forensic Chemist Todd Owen McDaniel started on 9/11/00. For Mr. Spotts['] case had became final on June 12th, 2000." Pet. at 1 (capitalizations in original). As was determined in plaintiff's case based on the same occurrences and dismissed earlier this year, plaintiff was convicted in the Southern District of West Virginia following his plea of guilty to conspiracy to distribute cocaine base; using and carrying a firearm in relation to a drug trafficking crime; and conspiracy to commit money laundering. Plaintiff is serving a life sentence. *Spotts v. Lynch*, No. 17-cv-305 at 1 (D.D.C. Feb. 17, 2017) (citing *United States v. Spotts*, 203 F.3d 824 (4th Cir. 2000); *Spotts v. United States*,

1

No. 3:06-0109, 2006 WL 1455705, at *1 (S.D.W.Va. May 24, 2006)). "This civil action is yet another of plaintiff's attempts to challenge his conviction and sentence, which he has done mostly through habeas petitions under 28 U.S.C. § 2255 or § 2241." *Id.*, citing *Spotts v. Ebbert*, No. 3:12-cv-913, 2012 WL 3536990, at *1 (M.D. Pa. May 17, 2012) (noting that "the litigation history of this serial filer is thoroughly detailed in numerous prior appellate decisions addressing Spotts' tireless, but repetitive and procedurally inappropriate challenges to his conviction and sentence") (listing cases). Undeterred, petitioner now seeks a writ of mandamus.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. Petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well settled that a writ of mandamus is not available to compel discretionary acts," *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases), and it "will usually be denied when the petitioner could have invoked an adequate, ordinary remedy," *In re GTE Service Corp.*, 762 F.2d 1024, 1026 (D.C. Cir. 1985).

Petitioner seeks to compel U.S. Attorney General Jeff Sessions to investigate what the court can only surmise to be the effect of McDaniel's alleged misconduct on petitioner's conviction. But as petitioner well knows, such is the province of habeas corpus. Therefore, mandamus relief is not appropriate. *LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C .Cir. 1996); *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988) (where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie."). Furthermore, the United States Attorney General has absolute discretion in deciding whether to investigate matters, and, as a general rule applicable

2

here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995) (other citation omitted)).

For the foregoing reasons, the petition for a writ of mandamus will be denied and this case will be dismissed for failure to state a claim upon which relief can be granted. A separate order accompanies this Memorandum Opinion.

Date: July 19, 2017

United States District Judge